IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY ANTHONY HUNT, | § | |
| TDCJ-CID NO. 619439, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-07-1524 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Roy Anthony Hunt filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging two 2006 convictions.  (Docket Entry No.1).  Because petitioner is no longer is custody pursuant to judgments from these convictions, the Court lacks jurisdiction to consider this habeas action.  Accordingly, the Court will dismiss petitioner's habeas petition.

Background

Petitioner reports that on January 13, 2006, upon a negotiated plea, he was convicted in the 177th State District Court of Harris County, Texas, of possession of a controlled substance with intent to deliver in cause number 1044556 and of assault in cause number 1044555.  (*Id.*).  Punishment was assessed at concurrent sentences of one year's confinement in jail.  (*Id.*).  Petitioner did not appeal these convictions but on October 9, 2006, he filed a state habeas application, challenging the possession of a controlled substance conviction.[1]  (*Id.*).  On April 11, 2007, the Texas Court of Criminal Appeals dismissed the application because petitioner was no longer in custody on the convictions.  Texas Court Website.[2]  Petitioner filed the pending habeas petition on April 30, 2007,

---

[1] The record is not clear whether petitioner challenged both convictions by his state habeas application.

[2]  www.cca.courts.state.tx.us/opinions/EvenInfo.asp?EventID=2284316

challenging the convictions on the following grounds:

1.      The state habeas courts dismissed his state habeas application in error because the 2006 convictions for possession of a controlled substance and assault contributed to the revocation of his parole;

2.      Newly discovered evidence shows that the charges filed against petitioner were false;

3.      Petitioner was convicted on false charges with evidence obtained pursuant to an unlawful arrest;

4.      The prosecutor failed to disclose favorable laboratory evidence to petitioner;

5.      Petitioner's sentence is illegal;

6.      He was denied the effective assistance of counsel; and,

7.      The evidence was insufficient to support his conviction.

(Docket Entry No.1).

<u>Discussion</u>

"Federal district courts do not have jurisdiction to entertain [28 United States Code] section 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks." *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).  A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed.  *Id.* at 491.  Petitioner's convictions from the 177th District Court of Harris County, Texas, expired in the fall of 2006.  Because petitioner was not in custody for the 2006 drug and assault convictions from the 177th District Court of Harris County, Texas, when he filed the pending

petition, he cannot bring a federal habeas action directed solely at these convictions.[3]   *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001).  Accordingly, the Court will dismiss the petition with prejudice for want of jurisdiction.

Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth in the Opinion on Dismissal, a certificate of appealability will be denied.

Conclusion

---

[3]   Petitioner does not challenge the revocation of his parole in this petition.

Accordingly, the Court ORDERS the following:

1.      Petitioner's application to proceed as a pauper (Docket Entry No.2) is GRANTED.

2.      Petitioner's habeas petition (Docket Entry No.1) is DISMISSED with prejudice for want of jurisdiction.

3.      A certificate of appealability is DENIED.

4.      All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, this 15th day of May, 2007.


                                        MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE

4